UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DARRYL A. ROBINSON #172898,           )
                                      )
                    Plaintiff,        )        Case No. 2:05-cv-218
                                      )
v.                                    )        HON. ROBERT HOLMES BELL
                                      )
TIM LUOMA,                            )
                                      )        **OPINION**
                    Defendant.        )
_____ )

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Darryl A. Robinson, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Warden Tim Luoma. Plaintiff alleges in his complaint that on August 26, 2005, Officer Nelson and others came to his cell and removed his mattress. Plaintiff states that Nelson and the others are agents of Defendant Luoma. Plaintiff seeks an immediate transfer, the return of his mattress, and damages.

II.      Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v.*

- 2 -

*Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claim is the type of claim that may be grieved.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000).  The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits."  *Knuckles El*, 215 F.3d at 642.  Plaintiff states that he was on modified access to the grievance procedure and that his request for a grievance form was denied. Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ II. (effective April 28, 2003).  The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance.  *Id.*  While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy.  *Id.*, ¶ LL.  Plaintiff has not offered copies of his request for a grievance form, or the denial of that request.  Nor has Plaintiff explained his failure to do so.  Furthermore, Plaintiff does not specify the date on which he requested the grievance form, or whether Defendant was specifically named in the request.  The Sixth Circuit has found that the

district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claim. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V. The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court may dismiss his action without prejudice.

However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief."  42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th

Cir.), *cert. denied*, 525 U.S. 833 (1998).  Because Plaintiff's complaint fails to state a claim, the

court will dismiss the complaint with prejudice without first requiring Plaintiff to exhaust any

available administrative remedies.

III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*,

510 U.S. 1177, 114 S. Ct. 1218 (1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege the violation of a right secured by the federal Constitution or laws and must show that the

deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42,

48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th

Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive

rights itself, the first step in an action under § 1983 is to identify the specific constitutional right

allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff claims that Defendant is responsible for the removal of his mattress by

corrections officers.  However, the court notes that liability under Section 1983 must be based on

more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981);

*Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983

liability cannot be premised upon mere allegations of *respondeat superior.  Monell*, 436 U.S. at 691;

*Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the

party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the

- 5 -

allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims

- 6 -

cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant was personally involved in the activity which forms the basis of his claim.  Defendant's only role in this action involved the failure to act.  Defendant cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000).  Accordingly, the Court concludes that Plaintiff's claims against the only named Defendant are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Date:   __November 7, 2005_____          /s/ Robert Holmes Bell_____
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT  JUDGE